## George L. Horn, Appellant, v. J. D. Andrews et al., Appellees.

APPEALS AND ERRORS—*when findings of chancellor not disturbed.* Findings of fact by a chancellor where such chancellor has had the opportunity of seeing witnesses upon the stand and hearing them testify, will not be disturbed unless the Appellate Court can say that the same are clearly and palpably erroneous.

Bill in equity. Appeal from the City Court of Mattoon; the Hon. JOHN McNUTT, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911. Rehearing denied November 8, 1911.

EMERY ANDREWS, for appellant.

CRAIG & KINZEL, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a decree dismissing upon hearing a bill in equity, the substantial averments of which were, that on June 10, 1906, one Belting and wife, as principals, and the defendants and complainant as sureties, executed and delivered to the First National Bank of Mattoon, a promissory note for the sum of $500 due in ninety days and drawing interest at the

rate of seven per cent; that the said Beltings neglected to pay said note at its maturity, and that the complainant paid the sum of $508.85, being the amount thereof with legal interest, in full discharge and satisfaction of the same; that at the maturity of said note, the said Beltings were and had continued to be insolvent, and that a suit against them, or either of them, would be unavailing. The bill prays that the defendants may each respectively be decreed to pay to the complainant an equal one-fourth of the amount so paid by him in satisfaction of said note.

The defendants, Andrews and Clark, answered denying the allegations of the bill, and alleging that while they signed said note as sureties for the Beltings, that Theodore Belting paid the same by the transfer of certain property to the complainant, in consideration of which the complainant assumed payment of said note, and that in accordance with such agreement with said Beltings, he did pay said note, whereby the sureties thereupon were relieved from any liability. Replications were filed to said answers. The defendant Hamilton filed a plea of former adjudication, alleging that he, Hamilton, had theretofore brought suit in the circuit court of Coles county upon an open account, against the complainant, and that in that suit the complainant filed a plea of general issue, with notice of set-off, by which he set up the payment by him of the note now in question, and that Hamilton, as co-surety, was indebted to him for an aliquot part of the amount so paid; that a trial of said suit resulted in a verdict and judgment against the complainant, and that the question of his liability to the complainant as co-surety upon said note was thus finally determined.

The only question argued in this court, is whether the chancellor was warranted in finding that the complainant agreed with Belting to assume and pay the note upon which he and the defendants were sureties, in

consideration of the transfer by Belting to him of certain real estate. If he did, it is manifest that neither defendant is liable to contribute as prayed. The evidence, which was conflicting, was heard by the chancellor in open court. He had the opportunity of seeing the witnesses upon the stand and hearing them testify. Under these circumstances this court is not at liberty to disturb his findings upon questions of fact, unless it can be said that the same are clearly and palpably erroneous. Dyas v. Dyas, 231 Ill. 367; Beall v. Dingman, 227 Ill. 294; Heyman v. Heyman, 210 Ill. 524; Lurie v. Sabath, 208 Ill. 401; Bodelsen v. Swensen, 206 Ill. 68; Bouton v. Cameron, 205 Ill. 50; Greensfelder v. Corbett, 190 Ill. 565. We have carefully considered the whole evidence and do not feel justified in so holding.

The decree of the circuit court is accordingly affirmed.

*Affirmed.*